# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**v.**                                               **Case No:   6:14-cv-697-Orl-31KRS**

**MICHAEL MORRISSEY,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| MOTION: | PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 9) |
|---|---|
| FILED: | June 23, 2014 |

## I.    PROCEDURAL HISTORY.

On May 5, 2014, Plaintiff United States of America ("United States") filed the instant action against Defendant Michael Morrissey seeking to recover principal and interest allegedly owed by Morrissey due to his failure to make payments on student loans, along with attorney's fees and costs. Doc. No. 1.

On June 10, 2014, Morrissey, proceeding *pro se*, answered the complaint.   Doc. No. 7.   He denied the allegations of the complaint and stated that, if the action involved a student loan, the loan was discharged in a Chapter 7 bankruptcy proceeding filed in 1988.   *Id.*[1]

---

[1] Morrissey also represented that he had received a summons with no supporting documentation

On July 1, 2014, Morrissey moved to dismiss the complaint on the grounds that the United States had not attached to the complaint or otherwise served on him a full copy of the loan agreement.   Doc. No. 11.   The United States responded in opposition to the motion to dismiss, and stated that it had provided a copy of the original promissory note to Morrissey for his review.   Doc. No. 12.   The Court denied the motion to dismiss.   Doc. No. 14.

Meanwhile, on June 23, 2014, the United States filed the instant Motion for Summary Judgment.   Doc. No. 9.   In support of its motion, the United States attached, among other things, a verified Certificate of Indebtedness executed by Peter La Roche, a U.S. Department of Education loan analyst, and a copy of the promissory note at issue.   *Id.* at 5 ("Certificate of Indebtedness"), 9-10 ("Promissory Note").

On July 1, 2014, the Court issued a *Milburn* Order in which it advised Morrissey that he would be allowed until August 1, 2014 "to file a responsive memorandum and any materials in opposition to the motion [for summary judgment] within the purview of Rule 56, showing that there are genuine issues of material fact in dispute; otherwise, the Court may enter Summary Judgment, if appropriate, against the adverse party."   Doc. No. 10.

Morrissey responded in opposition, and in the same document moved to again dismiss the action.   Doc. No. 13.   Insofar as Morrissey again moved to dismiss the action in his response, the Court denied the motion.   Doc. No. 15.   Morrissey submitted no evidence in support of his response.

The United States' motion for summary judgment has been referred to me for issuance of a Report and Recommendation.   The motion is ripe for review.

---

and that he later received additional pages.   Doc. No. 7 at 1.   To the extent that Morrissey intended to assert the defense of insufficiency of service of process, he has not presented evidence establishing such a defense.

## II.     STANDARD OF REVIEW.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   Fed. R. Civ. P. 56(a).   "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including . . . documents, electronically stored information, affidavits or declarations . . . or other materials[.]"   Fed. R. Civ. P. 56(c)(1).   The movant "bears the initial burden of identifying for the district court those portions of the record 'which it believes demonstrate the absence of a genuine issue of material fact.'"   *Cohen v. United Am. Bank of Cent. Fla.*, 83 F.3d 1347, 1349 (11th Cir. 1996) (quoting *Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1396 (11th Cir.), *modified on other grounds*, 30 F.3d 1347 (11th Cir. 1994)).

Once the movant meets its initial burden, the non-movant may avoid summary judgment by demonstrating an issue of disputed material fact.   *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1116 (11th Cir. 1993).   The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts.   *Evers v. Gen. Motors Corp.,* 770 F.2d 984, 986 (11th Cir.1985) ("conclusory allegations without specific supporting facts have no probative value") (citations omitted); *Broadway v. City of Montgomery, Ala.,* 530 F.2d 657, 660 (5th Cir.1976).   The court draws all reasonable inferences from the evidence in the light most favorable to the non-movant and resolves all reasonable doubt in the non-movant's favor.   *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006) (citing *Lubetsky v. Applied Card Sys., Inc.*, 296 F.3d 1301, 1304 (11th Cir. 2002)).

III.     **STATEMENT OF FACTS.**

The following facts are derived from the evidence submitted in support of the Motion for Summary Judgment.

On or about February 26, 1986, and September 26, 1986, Morrissey executed a promissory note to secure three loans from Salem State College.   The loans were in the amounts of $500.00, $500.00 and $800.00 respectively.   The interest rate for the loans was 5.00% per year.   Certificate of Indebtedness; Promissory Note.   The loans were made under the federally-funded National Defense/Direct Student Loan, now Perkins Student Loan, programs authorized under Title IV-E of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1087aa, *et seq*.   Certificate of Indebtedness.

Salem State College demanded payment under the terms of the promissory note.   On February 2, 1988, Morrissey defaulted on the promissory note.   Due to the default, Salem State College assigned all rights and title to the loan to the U.S. Department of Education on January 28, 2008.   *Id.*

Since the assignment of the loan, the U.S. Department of Education has credited a total of $0.00 in payments from all sources, including Treasury Department offsets, if any, to the balance due on the loans.   As of August 10, 2011, Morrissey owes the United States the principal amount of $1,800.00 and interest in the amount of $2,145.05, together with prejudgment interest accruing at 5.00% per year, or $0.25 per day.   *Id.*

IV.     **ANALYSIS.**

A.     *Liability.*

To recover on a promissory note, the government must show (1) the defendant signed it, (2) the government is the present owner or holder, and (3) the note is in default."   *United States v.*

*Carter*, 506 F. App'x 853, 858 (11th Cir. 2012) (citing *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001)) (unpublished decision cited as persuasive authority).   "The United States can establish these elements by producing 'the promissory note and a certificate of indebtedness signed under penalty of perjury by a loan analyst.'"   *United States v. Ashanti*, No. 3:10cv42/MCR/EMT, 2010 WL 5510074, *4 (N.D. Fla. Nov. 29, 2010), adopted 2011 WL 31126 (N.D. Fla. Jan. 3, 2011) (quoting *Guillermety v. Sec'y of Educ. of the U.S.*, 341 F. Supp. 2d 682, 688 (E.D. Mich. 2003)). The United States need not produce the original promissory note to recover from a defaulted student loan debtor.   *Carter*, 506 F. App'x at 858.

The United States has established the elements necessary to recover on the promissory note by producing a copy of the Promissory Note at issue and a verified Certificate of Indebtedness.   In satisfaction of the first element, the United States produced a copy of the Promissory Note bearing Morrissey's signature.   *See* Doc. No. 9 at 9-10.   As to the second element, U.S. Department of Education loan analyst La Roche avers in the Certificate of Indebtedness that Salem State College assigned all rights and title to the Promissory Note to the Department of Education.   *Id.* at 5. Finally, as to the third element, La Roche avers that Morrissey defaulted on his obligation to pay under the Promissory Note.   *Id.*   Accordingly, the United States has made a *prima facie* showing that it is entitled to summary judgment and the burden shifts to Morrissey to demonstrate an issue of disputed material fact.   *See Fitzpatrick*, 2 F.3d at 1116.

Morrissey has failed to demonstrate an issue of disputed material fact because he did not submit any evidence in opposition to the motion.   In his response to the United States' Motion for Summary Judgment, he stated only that he could not "admit or deny anything as [he had] not seen a complete copy of any agreement in full . . . ."   Doc. No. 13.   His assertion is belied by the record, which shows that the United States provided him with a copy of the Promissory Note, and he was

served with a copy of the United States' Motion for Summary Judgment containing a copy of the Promissory Note at issue. *See* Doc. No. 9 at 9-10, 12; Doc. No. 12 at 2-3. He presented no evidence affirmatively showing that he did not sign the Promissory Note. *Cf. United States v. Petroff-Kline*, 557 F.3d 285, 291 (6th Cir. 2009) (finding an "amorphous disclaimer" that Defendant did not recognize the signed promissory notes insufficient to raise an issue of material fact for purposes of summary judgment in a student loan collection case).

Morrissey asserted in his answer that his student loan debt had been fully discharged in a Chapter 7 bankruptcy case filed in 1988. Doc. No. 7. Pursuant to the Bankruptcy Reform Act of 1978, student loans are dischargeable in bankruptcy only in certain restricted circumstances. *See* 11 U.S.C. § 523(a)(8) (A discharge of an individual's debts in bankruptcy does not discharge a student loan debt "unless excepting such debt from discharge . . . would impose an undue hardship on the debtor and the debtor's dependents."); *United States v. Hebert*, No. 8:07-cv-11-T-30EAJ, 2007 WL 2916394, at *2 (M.D. Fla. Oct. 5, 2007). Because Morrissey did not provide any evidence whatsoever that his student loan debt was discharged in a bankruptcy proceeding, he has failed to demonstrate a genuine issue of disputed material fact regarding his default on his obligation to pay under the note.

Accordingly, I recommend that the Court find that the United States has established, by evidence submitted in the record, that Morrissey is liable under the Promissory Note and thus that the United States is entitled to summary judgment.

B.      *Damages.*

The evidence submitted by the United States establishing Morrissey's liability under the Promissory Note also is sufficient to establish the amount of damages that Morrissey owes to the United States pursuant to the note. *See* Fed. R. Civ. P. 56(a), (c). Department of Education loan

analyst Peter La Roche averred that Morrissey owes the United States a principal amount of $1,800.00 and accrued interest in the amount of $2,145.05 as of August 10, 2011, for a total debt of $3,945.05 as of August 10, 2011, plus additional prejudgment interest in the amount of $0.25 per day. *Id.*

Morrissey has not submitted any evidence that shows that he made payments on the Promissory Note that are not reflected in the Certificate of Indebtedness. *See United States v. Irby*, 517 F.2d 1042, 1043 (5th Cir. 1975) (holding that after the United States establishes its *prima facie* case, defendant bears the burden of showing payments made on the promissory note which were not properly credited).

Accordingly, I recommend that the Court find that the United States is entitled to a judgment in the amount of $3,945.05 as of August 10, 2011, plus additional prejudgment interest in the amount of $0.25 per day.

C.      *Costs.*

The United States also seeks to recover $40.00 in service of process costs. Doc. No. 9 at 2. In support of its request for costs, the United States submitted an invoice reflecting that it paid $40.00 to Investigative Process Service, Inc., for service of process on Morrissey. *Id.* at 6.

Federal Rule of Civil Procedure 54 provides that "costs . . . should be allowed to the prevailing party" unless the court otherwise directs or there is a United States statute or federal rule of civil procedure to the contrary. Fed. R. Civ. P. 54(d)(1). Service of process costs, like the costs in this case, are taxable costs. *See EEOC v. W&O Inc.*, 213 F.3d 600, (11th Cir. 2000) ("[A] district court does not abuse its discretion in taxing private process server fees that do not exceed the statutory fees authorized in [28 U.S.C.] § 1921."); *see also* 28 U.S.C. § 1920(1); 28 U.S.C. § 1921;

28 C.F.R. § 0.114(a)(3) (The U.S. Marshals Service collects "[f]or process served or executed personally—$65 per hour (or portion thereof) for each item served . . . .").

Accordingly, I recommend that the Court find that the United States is entitled to $40.00 in service of process costs.

    D.    *Attorney's Fees.*

The United States also seeks to recover $1,180.00 in attorney's fees. Doc. No. 9 at 2, 7-8. The United States argues that it is entitled to recover attorney's fees from Morrissey pursuant to the terms of the Promissory Note and 20 U.S.C. § 1091a(b)(1) and its implementing regulations. *Id.* at 2. In support of its request for attorney's fee, the United States submitted a declaration in which counsel for the United States stated the amount of time spent on the case and his usual and customary hourly rate of $200.00. *Id.* at 7-8.

Section § 1091a provides that "a borrower who has defaulted on a [student] loan made under this title shall be required to pay . . . reasonable collection costs." 20 U.S.C. § 1091a(b)(1). The United States contends that that the statute's implementing regulations provide a definition for "reasonable collection costs" and refers to 34 C.F.R. § 685.202(e)(2), which provides that "[i]f a borrower defaults on a Direct Loan, the Secretary [of Education] assesses collection costs on the basis of 34 C.F.R. 30.60." *See* Doc. No. 9 at 2. Part 30 of 34 C.F.R. governs debt collection procedures by the Department of Education generally, and provides that the Secretary of Education "may charge a debtor for the costs associated with the collection of a particular debt" and that "[t]hese costs include, but are not limited to . . . [c]ourt costs and attorney fees." 34 C.F.R. § 30.60(a).

The United States' reliance on 34 C.F.R. § 685.202(e)(2) is misplaced here because that regulation applies to loans made by the Secretary of Education directly to students under the William

D. Ford Federal Direct Loan Program. *See* 34 C.F.R. § 685.100, *et seq.* Morrissey's loans do not appear to have been issued by the Secretary pursuant to the William D. Ford Federal Direct Loan Program, but by Salem State College through the National Direct Student Loan Program, now known as the Federal Perkins Loan Program. *See* Doc. No. 9 at 9-10. The Federal Perkins Loan Program has its implementing regulations at 34 C.F.R. Part 674. *See id.* at 5 ("[Salem State College] made the loan under the Federally-funded National Defense/Direct Student Loan, now Perkins Student Loan, programs authorized under Title IV-E of the Higher Education Act of 1965, as amended, 20 U.S.C. 1087aa *et seq.* (*34 C.F.R. Part 674*).") (emphasis added). Because the United States has not identified the correct legal basis for its request for attorney's fees in this case, I cannot recommend that the Court grant its request for attorney's fees at this time.[2]

I further recommend that the Court deny the United States' request for attorney's fees because the work for which the United States seeks to recover improperly includes 2.0 hours of work on "Post Judgment Collection," which work necessarily has not been performed because a judgment has not yet been entered in this case. *See id.* at 7-8.

Nevertheless, I recommend that the Court allow the United States to file a separate motion for attorney's fees within a time established by the Court because the United States may be able to prevail on a request for attorney's fees if it is given another opportunity adequately to support its

---

[2] In its motion, the United States cites to *United States v. Puerto*, No. 1:12-cv-24194-Graham/Goodman (S.D. Fla. 2013), in which the United States District Court for the Southern District of Florida awarded attorney's fees to the United States based in part on the provisions of 34 C.F.R. § 685.202(e)(2) despite the fact that the loan in question appears not to have been a Direct Loan from the Secretary of Education to the borrower. *See* Doc. No. 9 at 2; *Puerto*, Doc. No. 1 at 4 (specifying that the loan was made by a private bank and referencing "34 CFR Part 682"). The *Puerto* case is not binding on this Court. Additionally, the *Puerto* court decided to apply 34 C.F.R. § 685.202(e)(2) *sua sponte* without the benefit of briefing from the United States as to whether that section applied to the loan at issue. *See Puerto*, Doc. No. 17. Thus, the persuasive value of *Puerto* is limited.

request.  *See, e.g.*, *United States v. Jones*, Case No. 13-cv-1628-Orl-40KRS, Doc. No. 25 (M.D. Fla. July 30, 2014), *adopted*, *id.*, Doc. No. 26 (M.D. Fla. Aug. 22, 2014).

## V.    RECOMMENDATION.

For the foregoing reasons, I respectfully recommend that the Court:

(1)    **GRANT in part and DENY in part** the Plaintiff's Motion for Summary Judgment (Doc. No. 9);

(2)    **FIND** Michael Morrissey liable to the United States for breach of the payment obligations of the Promissory Note;

(3)    **AWARD** damages in the amount of $3,945.05 as of August 10, 2011, plus accrued prejudgment interest in the amount of $0.25 per day;

(4)    **ASSESS** $40.00 in costs against Morrissey;

(5)    **DENY** the request for attorney's fees at this time and provide the United States *a period of time established by the Court* to file a motion, memorandum of law, and evidence in support of its request for attorney's fees; and,

(6)    **DIRECT** the United States to submit a proposed judgment with prejudgment interest calculated *as of the date provided by the Court* following the Court's resolution of the attorney's fees issues.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 26th, 2014.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy